LEVINE v. CHASE.   (No. 6216.)

(Supreme Court, Appellate Division, First Department.   October 23, 1914.)

PLEADING (§ 52*)—COMPLAINT—SEPARATE CAUSES OF ACTION.

Where part of the paragraphs of a complaint referred to representations made prior to February 1, 1913, whereby plaintiff was induced to part with $1,000, and the rest to representations made in April, 1913, whereby plaintiff was induced to part with $300, the complaint states two separate and distinct causes of action, which should be separately stated and numbered.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 113; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Anna Levine against Frederick F. Chase.   From an order denying a motion to compel plaintiff to separately state and number causes of action, defendant appeals.   Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

I. N. Jacobson, of New York City, for appellant.
Morris Grossfield, Jr., of New York City, for respondent.

PER CURIAM.   The complaint obviously states two separate and distinct causes of action.   One, comprised in the first seven paragraphs, is for damages for false representations alleged to have been made prior to February 1, 1913, whereby plaintiff was induced to part with $1,000. The other, comprised in the eighth and succeeding paragraphs, is for damages for other false representations alleged to have been made in April, 1913, whereby plaintiff was induced to part with $300.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.